IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTA KELLY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE JONUS GROUP, LLC | : | NO.  24-5354 |

### MEMORANDUM

**Padova, J.**                                                              **January 7, 2025**

Plaintiff Roberta Kelly brought this suit against her former employer, the Jonus Group, LLC, seeking unpaid wages and a declaratory judgment that the restrictive covenants contained in her employment agreement are void and unenforceable.  Defendant has filed a Motion to Dismiss the declaratory judgment claim (Count I), arguing that we lack subject matter jurisdiction over that claim because it does not present a case or controversy.  In the alternative, Defendant moves for a more definite statement of Count I.

## I.      BACKGROUND

The Complaint alleges the following facts.  Defendant, an insurance staffing firm, employed Plaintiff as a managing director from June 23, 2021 until her resignation on August 3, 2023.  (Compl. ¶¶ 1, 7 11.)  Plaintiff's employment agreement ("the Agreement") contains three restrictive covenants which purport to bind her for specified periods following her separation from Defendant: a one-year non-competition clause, a two-year employee non-solicitation clause, and a two-year customer/client non-solicitation clause.  (Agreement (Compl. Ex. A) ¶¶ B(1)(a)-(c).)  Following her resignation, on October 19, 2023, Plaintiff formed her own staffing agency, Summit Bridge Partners, LLC.  (Compl. ¶¶ 12, 48.)

On August 14, 2024, counsel for Defendant sent a letter to Plaintiff accusing her of soliciting several former Jonus employees and demanding that she "<u>immediately cease and desist</u>"

from violating the employee non-solicitation clause.  (Compl. Ex. C at 1-2.)  The letter warned that "unless you immediately cease and desist from further violating all post-employment restrictions in the Agreement, <u>and</u> an understating [sic] is soon reached on sufficient compensation to be paid to my client for your breach of the Agreement, Jonus will initiate litigation against you without further notice."  (<u>Id.</u>)  In fact, Plaintiff had not solicited Defendant's employees, and believes the restrictive covenants to be void and unenforceable.   (Compl. ¶¶ 51, 54, 57.) Nonetheless, as a result of Defendant's threats, Plaintiff has refrained from hiring current and former employees of Jonus and from pursuing business opportunities with current and former customers of Jonus, even though those employees and customers have reached out to Plaintiff. (<u>Id.</u> ¶ 59.)  Following Defendant's refusal to provide assurances that it would not seek to enforce the restrictive covenants, Plaintiff initiated this suit.  (<u>Id.</u> ¶ 57-58.)

## II.    MOTION TO DISMISS

### A.  <u>Legal Standard</u>

While Defendant has moved to dismiss Count I for failure to state a claim for declaratory judgment on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), motions to dismiss based on lack of subject matter jurisdiction are brought pursuant to Rule 12(b)(1).  Consequently, we consider the instant Motion as if it were brought pursuant to Rule 12(b)(1).  When a party argues that subject matter jurisdiction is lacking under Rule 12(b)(1), we must first "determine whether the challenge is a facial attack or a factual attack."  <u>GBForefront, L.P. v. Forefront Mgmt. Grp.</u>, LLC, 888 F.3d 29, 35 (3d Cir. 2018) (citing <u>Const. Party of Pa. v. Aichele</u>, 757 F.3d 347, 357 (3d Cir. 2014)).  "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction[.]"  <u>Id.</u> (first alteration in original) (quoting <u>Const. Party of Pa.</u>, 757 F.3d at 358).  "A factual attack . . . is an

argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." Id. (second alteration in original) (quoting Const. Party of Pa., 757 F.3d at 358). Defendant's argument regarding our subject matter jurisdiction does not depend on any evidence outside of the facts alleged in the Complaint and thus constitutes a facial attack on our subject matter jurisdiction.

"In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" Const. Party of Pa., 757 F.3d at 358 (quoting In re Schering Plough Corp., 678 F.3d at 243). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)[.]" Id. (citing In re Schering Plough Corp., 678 F.3d at 243). "With respect to 12(b)(1) motions in particular, '[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right.'" In re Schering Plough Corp., 678 F.3d at 244 (alteration in original) (quoting Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007)).

B. Discussion

As noted above, Count I seeks a declaration as to the enforceability of the three restrictive covenants in the Agreement: the non-competition clause, the employee non-solicitation clause, and the customer/client non-solicitation clause. (See Agreement ¶¶ B(1)(a)-(c).) Defendant contends that we lack subject matter jurisdiction over Count I because it does not present a case or controversy. "[B]ecause the Constitution prohibits federal courts from deciding issues in which there is no 'case[]' or 'controversy,' declaratory judgments can be issued only when there is 'an actual controversy.'" Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 647 (3d Cir. 1990)

(second alteration in original) (first quoting U.S. Const. art. III, § 2; then quoting 28 U.S.C. § 2201). Thus, we must determine whether the enforceability of the restrictive covenants at issue here presents an actual controversy in support of our jurisdiction.

### 1. Non-Competition Clause

As an initial matter, Defendant argues that there is no actual controversy with respect to the enforceability of the non-competition clause because that provision expired on August 3, 2024. (See Compl. ¶ 11, Agreement ¶ B(1)(a).) Plaintiff does not challenge that assertion.[1] Thus, we grant Defendant's Motion as unopposed with respect to the expired non-competition clause and dismiss Count I insofar as it seeks a declaratory judgment regarding the enforceability of that provision.

### 2. Non-Solicitation Clauses

Defendant also contests our subject matter jurisdiction over Plaintiff's declaratory judgment claim with respect to the other two restrictive covenants, the employee and customer/client non-solicitation clauses. (See Agreement ¶¶ B(1)(b)-(c).) Although these provisions do not expire until August 3, 2025, Defendant nonetheless contends that any controversy with respect to the enforceability of these clauses is not yet ripe. An actual controversy for purposes of a declaratory judgment action "require[s] ripeness, which 'determine[s] whether a party has brought an action prematurely . . . and counsels abstention until such a time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'"

---

[1] Indeed, Plaintiff notes in a memorandum she filed in support of her separate Motion for a Speeding Hearing that she "is not seeking declaratory relief as to the non-compete provision." (Docket No. 13 at 2.) Moreover, the proposed order attached to Plaintiff's Response to the Motion to Dismiss does not mention the non-compete provision and only seeks a declaration with respect to "the Non-Solicitation Clauses contained within Paragraphs B(1)(b) and B(1)(c)." (Docket No. 14, Ex. A.)

<u>Zurich Am. Ins. Co. v. Citizens Ins. Co. of Am.</u>, Civ. A. No. 24-1879, 2024 WL 4194319, at *8 n.84 (E.D. Pa. Sept. 13, 2024) (alterations in original) (quoting <u>Plains All Am. Pipeline L.P. v. Cook</u>, 866 F.3d 534 (3d Cir. 2017)). The United States Court of Appeals for the Third Circuit has instructed that, in determining whether a declaratory judgment action is ripe, courts should consider the following three factors: (1) "the adversity of the interest of the parties"; (2) "the conclusiveness of the judicial judgment"; and (3) "the practical help, or utility, of that judgment." <u>Step-Saver</u>, 912 F.2d at 647. Defendant argues that the adversity of interests factor is not satisfied in this case because Plaintiff denies violating the Agreement and Defendant has only threatened to initiate litigation for actual violations.

"In assessing the adversity of the parties' interest, courts look to '[w]hether the claim involves uncertain and contingent events, or presents a real and substantial threat of harm.'" <u>Surrick v. Killion</u>, 449 F.3d 520, 527 (3d Cir. 2006) (alteration in original) (quoting <u>NE Hub Partners, L.P. v. CNG Transmission Corp.</u>, 239 F.3d 333, 342 n.9 (3d Cir. 2001)). A plaintiff "does not have to await the consummation of threatened injury to obtain preventative relief. If the injury is certainly impending, that is enough." <u>Id.</u> at 528 (quotation omitted). Here, although Plaintiff denies violating the Agreement, her larger contention is that the restrictive covenants are wholly unenforceable and she has nonetheless foregone concrete business and hiring opportunities based on Defendant's threat to "initiate litigation . . . without further notice." (Compl. Ex. C at 2.) We conclude that this imminent threat of suit, which Defendant has refused to rescind, along with Plaintiff's immediate desire to pursue opportunities barred by the disputed clauses, demonstrate adversity of interest. <u>Cf.</u> <u>Heckman v. UPMC Wellsboro</u>, Civ. A. No. 20-1680, 2021 WL 2826716, at *11 (M.D. Pa. July 7, 2021) (concluding that demand and cease-and-desist letters threatening to enforce disputed restrictive covenant established adversity of interest); <u>Surrick v. Killion</u>, 449 F.3d

520, 528 (3d Cir. 2006) (finding adversity of interest where attorney was deterred from opening

an office by "substantial threat of sanctions" from bar association).

The allegation that Plaintiff has not yet violated the restrictive covenants in the Agreement

does not render her claim premature. "[T]he Third Circuit has advised that in determining ripeness,

a plaintiff need not suffer a completed harm to establish adversity of interest between the parties."

Bradfield v. Heartland Payment Sys., LLC, Civ. A. No. 17-4862, 2018 WL 5784998, at *6 (D.N.J.

Nov. 5, 2018) (citing Armstrong World Industries, Inc. v. Adams, 961 F.2d 405, 412 (3d Cir.

1992); Khodara Envtl., Inc. v. Blakey, 376 F.3d 187, 193 (3d Cir. 2004)). "In some situations,

'present harms will flow from the threat of future actions.'" Id. (quoting Armstrong, 961 F.2d at

412). For this reason, "[l]ower Federal Courts . . . have long accepted jurisdiction" over

declaratory judgment actions where "the plaintiff's self-avoidance of imminent injury is coerced

by threatened enforcement action of a private party." MedImmune, Inc. v. Genentech, Inc., 549

U.S. 118, 130 (2007) (emphasis omitted) (collecting cases). Moreover, while the cease-and-desist

letter focused on purported violations of the employee non-solicitation clause, Defendant

ultimately warned that it would initiate litigation to enforce "*all* post-employment restrictions in

the Agreement." (Compl. Ex. C at 2 (emphasis added).) Accordingly, we conclude that there is

adversity of interests and a ripe controversy with respect to the enforceability of both the employee

and customer/client non-solicitation clauses. We therefore deny the Motion with respect to

Defendant's request that we dismiss Count I insofar as it seeks a declaratory judgment regarding

the enforceability of the non-solicitation clauses of the Agreement.

## III.    MOTION FOR A MORE DEFINITE STATEMENT

In the alternative, Defendant asks that we dismiss the Complaint and order Plaintiff to

replead Count I to provide a more definite statement of her declaratory judgment claim pursuant

to Federal Rule of Civil Procedure 12(e).  Specifically, Defendant contends that it will not be able to prepare a response to the Complaint unless Plaintiff is required to identify the current and former employees and customers of Jonus who have allegedly reached out to her.

A.  <u>Legal Standard</u>

Rule 12(e) provides that "a defendant may move for a more definite statement '[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'"  <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 301 (3d Cir. 2006) (alterations in original) (quoting Fed. R. Civ. P. 12(e)).  "A motion for a more definite statement is the proper way for a defendant to request plaintiff 'to lay out details that enable the defendant[] to respond intelligently and the court to handle the litigation effectively.'"  <u>Anand v. Shapiro</u>, Civ. A. No. 19-600, 2019 WL 1333878, at *3 (E.D. Pa. Mar. 25, 2019) (quoting <u>Chapman v. Yellow Cab Coop.</u>, 875 F.3d 846, 849 (7th Cir. 2017)).  Nonetheless, "[m]otions for more definite statement are highly disfavored and are rarely granted by the court.  Such motions will only be granted if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading or simple denial."  <u>Id.</u> (quoting <u>Taylor v. Cox</u>, 912 F. Supp. 140, 143 (E.D. Pa. 1995)); <u>see also</u> <u>CoorsTek Korea Ltd. v. Loomis Prods. Co.</u>, 586 F. Supp. 3d 331, 338 (E.D. Pa. 2022) ("Motions for a more definitive statement are generally disfavored, and are used to provide remedies for unintelligible pleadings rather than as correction for lack of detail." (quotation omitted)).

B.  <u>Discussion</u>

Defendant does not argue that the Complaint is unintelligible.  Rather, it argues that Plaintiff must identify the individuals reaching out to her because "it is quite possible that none of these individuals would even trigger the protections afforded under the Agreement," in which case

there might be no ripe controversy and thus no jurisdiction. (Def. Br. at 8.) We have already concluded that the Complaint plausibly alleges a basis for our jurisdiction. To the extent Defendant is unable to determine whether any of its employees or customers have in fact reached out to Plaintiff, it can indicate that in its responsive pleading. We cannot conclude, however, that the failure to identify these individuals "mak[es] it virtually impossible for [Defendant] to craft a responsive pleading or simple denial," particularly as to the crux of Plaintiff's declaratory judgment claim, the validity of the non-solicitation clauses. Anand, 2019 WL 1333878, at *3 (quotation omitted). Accordingly, we deny Defendant's Motion with respect to its request for a more definite statement.

## IV.    CONCLUSION

For the foregoing reasons, we grant the Motion to Dismiss Count I only insofar as it seeks a declaratory judgment regarding the enforceability of the expired non-competition clause. We deny the Motion in all other respects. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.